IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND GRIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.3:16-cv-931-SRW |
| | ) | |
| LEE COUNTY COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.     Introduction**

Plaintiff filed his complaint on December 1, 2016, alleging that the Lee County Sheriff's Office violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C § 216 (b). (Doc. 1). Thereafter, the Lee County Sheriff's Office filed a motion to dismiss, citing *Dean v. Barber,* 951 F. 2d 1210, 1215 (11th Cir. 1992), on the basis that it was not an entity capable of being sued. (Doc. 11). Prior to the court's ruling on the motion to dismiss, Plaintiff filed an amended complaint on February 2, 2017, which added the Lee County Commission as a defendant. (Doc. 13). On February 3, 2017, Plaintiff filed a voluntary stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) dismissing the Lee County Sheriff's Office as a defendant. (Doc. 15).

On July 13, 2017, the Court issued an order requiring Plaintiff to show cause why the case should not be dismissed without prejudice due to Plaintiff's failure to comply with Federal Rule of Civil Procedure 4(m), which requires service within 90 days after a complaint is filed. (Doc. 17).  In response, on July 19, 2017, Plaintiff filed a notice stating that Plaintiff "provided notice of service of process upon Defendant, Lee County Commission, via the online ECF system on

1

February 2, 2017." (Doc. 18). Thereafter, 294 days after the filing of the amended complaint, a summons was issued to the Lee County Commission on November 22, 2017 (Doc. 19) and service was returned on December 4, 2017. (Doc. 23).

This matter is pending before the Court on Defendant Lee County Commission's Motion to Quash Service and to Dismiss filed November 30, 2017. (Doc. 20). Plaintiff has filed a response to the motion (Doc. 24), and Defendant has filed a reply. (Doc. 25). For the reasons that follow, the court concludes that Defendant's motion is due to be granted and this action is due to be dismissed without prejudice.

## II. Standard of Review

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 90 days[1] after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The amended complaint was filed on February 2, 2017 (Doc. 13); however, it was not until November 22, 2017 – 294 days later – that the summons was issued to the Lee County Commission. (Doc. 19). Rule 4(c) provides that "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." The summons was not returned until December 4, 2017. (Doc. 23). Since Defendant was not served until well after the 90-day period expired, Rule 4(m) requires the court to dismiss the action without prejudice or order that service be made within a certain time, unless plaintiff shows good cause for the delay.

## III. Discussion

---

[1] On December 1, 2015, Congress amended Fed. R. Civ. P. 4(m) to shorten the deadline for service from "within 120 days after the complaint is filed" to "within 90 days after the complaint is filed." Because this complaint was filed on December 1, 2016, a year after the amendment, the 90-day rule applies.

"Under Rule 4(m), a plaintiff has two avenues to expand the time for service: a mandatory extension based on "good cause," and a discretionary extension based on the factors outlined in Rule 4(m)'s advisory committee notes."[2] *Hong-Diep Vu v. Phong Ho*, 2018 WL 6177139, at *1 (11th Cir. 2018) (citation omitted). Good cause for failure to complete service exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnt'y. Com'rs,* 476 F. 3d 1277, 1281-82 (11th Cir. 2007)) (citation omitted). In his response to the Defendant's motion to quash, Plaintiff "acknowledges that its effort to serve Defendant technically did not comply with Rule 4." (Doc. 24 at p. 2). He indicates that "Plaintiff assumed to his detriment that named-Defendant would be entering an appearance and participating in this litigation." (Doc. 24 at p. 3).[3] Indeed, even after the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to perfect service in a timely manner pursuant to Federal Rule of Civil Procedure 4(m) (*see* Doc. 17, entered July 13, 2017), Plaintiff took no immediate action to ensure that service was executed properly on Defendant. Rather, Plaintiff simply filed a "Notice of Service of Process" which stated that he "provided notice of service of process upon Defendant, Lee County Commission via the online ECF system on February 2, 2017." (Doc. 18).

---

[2] "In its Note, the Committee explained:

Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.

Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments." *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132–33 (11th Cir. 2005).

[3] "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted).

It was not until November 22, 2017, more than 132 days after the Court notified Plaintiff that proper service had not been made on the Lee County Commission, that Plaintiff ultimately perfected service on Defendant. As noted above, a total of 294 days passed after the filing of the amended complaint naming the Lee County Commission as a party before Plaintiff effected service on the Commission. Thus, the court concludes that Plaintiff has not shown "good cause" for his failure to serve the Lee County Commission in a timely manner; rather, it was Plaintiff's "inadvertence or negligence[] [that] prevented service." *Id.*; *see also Reis v. Commissioner of Social Security*, 710 Fed.Appx. 828, 829 (11th 2017) ("a lawyer's negligence constitutes no 'good cause' for purposes of Rule 4.").

However, when a party fails to demonstrate good cause pursuant to Rule 4(m), the Eleventh Circuit requires a court to consider other factors before dismissing the action, such as whether the statute of limitations has run. *See Lepone-Dempsey,* 476 F. 3d at 1281-1282. Here, Plaintiff's counsel has not actually raised a concern that the statute of limitations might bar the refiling of this action if the court dismissed it without prejudice, or argued that dismissal under Rule 4(m) would be inappropriate for that reason. However, out of an abundance of caution, the Court will consider this issue.

Although the ordinary statute of limitations in cases brought under the FLSA is two years, a cause of action arising out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued. *Allen v. Board of Public Educ. For Bibb Co.,* 495 F.3d 1306, 1323 (11th Cir. 2007) (citing 29 U.S.C. § 255(a)). Plaintiff alleges in his amended complaint that Defendant "knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation." (Doc. 13 at 7). Plaintiff further alleges that he concluded his employment on June 9, 2014, which gave rise to this FLSA claim. (Doc. 13 at 5).

4

Assuming, without deciding, that the three-year statute applies, Plaintiff must have filed his action at the latest by June 9, 2017, or by June 9, 2016, if the two-year statute is applicable. This action was filed on December 1, 2016. (Doc. 1). Thus, the two-year statute would bar prosecution of the instant action, but the three-year statute would not. However, if this action is dismissed, any new filing in 2019 would clearly be outside the FLSA statute of limitations even if the three-year statute applies.

The court concludes, in the exercise of its discretion, that extension of the service deadline for 204 days in the instant action is not warranted. The running of the statute of limitations does not require the court to extend the time for service; it is simply a factor that must be – and, in this case, has been – considered. *See Lepone-Dempsey,* 476 F. 3d at 1282; *see also Hong-Diep Vu v. Phong Ho*, 2018 WL 6177139, at *2 (11th Cir. 2018) ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor.") (citation omitted) (emphasis removed).

Here, as noted, Plaintiff delayed service for a total of 294 days following the filing of the amended complaint, 132 days of which came *after* the court's notice to Plaintiff of the deficiency of service. (Doc. 17). Further, when Plaintiff was permitted by the court, by the order to show cause, to file a late notice of service into the record by July 20, 2017 – a substantial extension of the original deadline – he merely responded that he had provided notice of service of process upon the defendant "via the online ECF system." (Docs. 17, 18). It was not until December 4, 2017, that plaintiff, without any further request for extension, finally served the summons. (Doc. 19). In addition, when he was given an opportunity to show good cause for the delay after defendant filed a motion to quash, Plaintiff did not do so, but instead merely admitted that he did not comply with

5

Rule 4(m) based upon his assumption that Defendant would appear. He offered no other explanation for the failure. (Doc. 24, pp. 2-3). Finally, Plaintiff failed to raise any concern about the statute of limitations in his response to defendant's motion to quash on Rule 4(m) grounds or to discuss it in any way,[4] nor did he respond at all to the second ground for this motion.[5]

The court concludes that the running of the three-year statute during the pendency of this action does not require it to extend the time for service. *See Boston v. Potter*, 185 Fed.Appx. 853, 854, 2006 WL 1697522, at *2 (11th Cir. 2006) ("While the running of the limitations period is a factor the district court may consider in determining whether to dismiss a complaint under Rule 4(m), the district court is not required to give this controlling weight."). Nor do any other circumstances warrant an extension of time based on the facts of this case; indeed, Plaintiff has brought no other such circumstances to the attention of the court. The court is concerned about the statute of limitations issue, even if Plaintiff is not, but it also must be fair to the Defendant, which reasonably requests that the Rules be followed.

As the court has previously determined, the Plaintiff's failure to comply with Rule 4(m) is due to his own inadvertence or negligence. *See Lepone-Dempsey,* 476 F. 3d at 1281. Plaintiff simply has "not shown diligence in …[his] efforts to serve process on … [the defendant]," *id.*; the

---

[4] The court notes, without deciding, that the instant action may not be timely, in any event, because it was filed after the running of the two-year statute of limitations. Only the application of the three-year statute – which is by no means guaranteed, as a willful violation can be difficult to prove – would render this action timely filed in this court. *See Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1323 (11th Cir. 2007)("A willful violation may be found when the employer disregarded the very possibility that it was violating the statute.")(internal marks omitted). Plaintiff makes conclusory allegations of willfulness in the amended complaint in this case, but he alleges little in the way of facts to support them. *See Cohen v. Allied Steel Bldgs., Inc.,* 554 F.Supp.2d 1331, 1335 (S.D. Fla. 2008).

[5] Defendant contends that it "cannot be held liable to Plaintiff as his employer under the Fair Labor Standards Act." Doc. 20 at 3. *See Spears v. Choctaw County Com'n*, 2009 WL 2365188, at *12 (S.D. Ala. 2009)(granting summary judgment against an Alabama deputy sheriff on the ground that the defendant county commission was not plaintiff's employer for purposes of liability under the FLSA.).

amended complaint languished over eight months without service of process, even after a generous extension of the time for service, and despite clear notice from the court that service had not been completed. To excuse Plaintiff's failure to comply with Rule 4(m) at this juncture would permit the exception to swallow the rule, and would be inconsistent with the purpose of the civil rules, which is "'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Cooley v. Ocwen Loan Servicing, LLC*, 729 Fed.Appx. 677, 682–83 (11th Cir. 2018) (quoting Fed. R. Civ. P. 1).

**IV.    Conclusion**

Accordingly, for the above-stated reasons, it is

ORDERED that Defendant Lee County Commission's Motion to Quash Service and to Dismiss (Doc. 20) is GRANTED.

A final judgment will be entered separately.

Done, on this the 25th day of February, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge